IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GLYDE SOLAR, LLC, a Delaware limited liability company,<br><br>*Plaintiff and Counterclaim Defendant,*<br><br>v.<br><br>SKYLER NEWBY, an individual, and ENERGYN, LLC, an Idaho limited liability company,<br><br>*Defendants and Counterclaimants.* | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANTS' MOTION TO WITHDRAW REQUESTS TO ADMIT BEING DEEMED ADMITTED, AND DENYING DEFENDANTS' EX PARTE MOTION FOR LEAVE TO FILE AN AMENDED MEMORANDUM IN OPPOSITION**<br><br>Case No. 2:24-cv-00057-AMA-DBP<br><br>Judge Ann Marie McIff Allen |

Before the Court are Plaintiff's Motion for Partial Summary Judgment ("MSJ"), Defendants' Motion to Withdraw Requests to Admit Being Deemed Admitted ("Motion to Withdraw Admissions"), and Defendants' Ex Parte Motion for Leave to File an Amended Memorandum in Opposition ("Motion to Amend").[1] Plaintiff seeks summary judgment on its first cause of action, breach of contract, and Defendants' counterclaims.[2] Defendants seek to withdraw their admissions and

---

[1] Docket No. 2:24-cv-00057, ECF Nos. 20, 28, 30.

[2] ECF No. 20, at 1.

1

amend their previous opposition to the MSJ.[3] Upon consideration of the motions, briefing, relevant law, and underlying facts, the Court DENIES Plaintiff's MSJ, GRANTS Defendants' Motion to Withdraw Admissions, and DENIES Defendants' Motion to Amend.

## I. BACKGROUND

Plaintiff Glyde Solar, LLC ("Glyde") is a solar sales company.[4] Defendant Skyler Newby is an individual who allegedly performed sales services for Glyde, pursuant to an agreement entered into in November 2020.[5] Defendant Energyn, LLC ("Energyn"), is a company allegedly owned by Mr. Newby.[6]

In a previous action, Glyde was sued by a business partner claiming that Glyde's "sales agents engaged in various deceptive and improper sales practices . . . [that resulted in the loss of] several of its customers . . . [and] hundreds of thousands of dollars . . . ."[7] After settling that suit, Glyde brought the instant suit against Mr. Newby and Energyn ("Defendants"), claiming they were the "primary source" of the previous case's "allegations relating to deceptive and fraudulent sales practices" in addition to claims for other losses.[8] Glyde alleges breach of contract,

---

[3] ECF Nos. 28, 30.

[4] ECF No. 2, at 2 ¶ 7.

[5] *Id.* at 2 ¶ 8; ECF No. 2-1, at 3-9.

[6] ECF No. 2-1, at 2.

[7] ECF No. 2, at 4 ¶¶ 20-22.

[8] *Id.* at 4 ¶¶ 22-23.

breach of the covenant of good faith and fair dealing, unjust enrichment, tortious interference with contracts and economic relationships, and fraud.[9]

Defendants counterclaim that "Glyde only paid to Energyn a portion of the compensation it was owed under the Agreement," and that Glyde still owes Energyn $250,000.[10] Defendants deny culpability for Glyde's allegations and claim that Glyde has defamed them.[11] Defendants counterclaim breach of contract, breach of the implied covenant of good faith and fair dealing, and slander and libel.[12]

After the parties filed their initial pleadings, the Court issued a scheduling order setting deadlines for pretrial matters.[13] Then, during discovery almost three months later, Glyde filed its MSJ seeking summary judgment on its breach of contract claim and all Defendants' counterclaims.[14] Glyde asserts that it issued requests for admission from Defendants, to which there was no timely reply, and that consequently, the statements were deemed admitted and formed the basis for Glyde's MSJ, arguing there is no genuine issue of material fact on the relevant claims.[15]

---

[9] *Id.* at 4-7.

[10] ECF No. 9, at 8 ¶¶ 10-11.

[11] *Id.* at 8-9 ¶¶ 12-16.

[12] *Id.* at 9-11.

[13] ECF No. 19.

[14] ECF No. 20, at 1.

[15] *Id.* at 2-4.

## II. THE LEGAL STANDARD

### A. Motion for Summary Judgment

Parties may move the court for summary judgment on a claim or parts of a claim. Fed. R. Civ. P. 56(a). A court must grant summary judgment as a matter of law "if the movant shows that there is no genuine dispute as to any material fact" regarding the claim. *Id.* The initial burden thus falls on the movant to show an absence of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If this is met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In considering a motion for summary judgment, a court must view the facts and draw all justifiable inferences in the light most favorable to the nonmoving party. *Id.* at 255.

## III. ANALYSIS

If the matters set forth in the requests for admission are conclusively established, the claims enumerated in the MSJ are undisputed. Therefore, the Court must consider whether the matters asserted are deemed admitted and conclusively established.

### A. The Statements are Deemed Admitted.

Parties may serve on each other requests for admission under Federal Rule of Civil Procedure 36. The party receiving the request may admit or deny the stated facts. *Id.* at 36(a)(4). When a party fails to respond to the request within 30 days, the matter is deemed admitted. *Id.* at 36(a)(3); *Bergemann v. United States*, 820 F.2d

1117, 1120 (10th Cir. 1987); 88 Fed. Prac. & Proc. Civ. § 2259 (3d ed.) ("[A party's] failure to respond, either to an entire request or to a particular request, is deemed to be an admission of the matter set forth in that request or requests."); 7 Moore's Federal Practice 36.03[1] (3d ed.) ("If the party who has been served with a request for admission does not serve a timely response, the requested matter is deemed admitted."). And these admissions "may provide the basis for motions for summary judgment." 7 Moore's Federal Practice 36.03[4] (3d ed.).

Glyde served Defendants with requests for admission on June 10, 2024.[16] And Defendants' counsel asserts that he "somehow overlooked the emailed [requests]," inadvertently failing to respond to them in a timely manner.[17] The requests were left un-responded to until Glyde filed its Motion for Partial Summary Judgment on August 1, 2024, which was 52 days after the requests were served.[18] Therefore, the statements are deemed admitted under Rule 36(a)(3).

B.  **The Deemed-Admissions should be Withdrawn.**

"Once a matter is admitted, it 'is conclusively established unless the court, on motion, permits the admission[s] to be withdrawn or amended.'" *Raiser v. Utah County*, 409 F.3d 1243 (10th Cir. 2005) (quoting Fed. R. Civ. P. 36(b)). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the

---

[16] ECF No. 28, at 2 ¶¶ 3-4.

[17] *Id.* at 2 ¶ 4.

[18] *Id.* at 2 ¶ 5. On September 4, 2024, Defendants filed a response to the requests for admission after becoming aware of them through the MSJ. ECF No. 25-1.

requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The court should avoid "overly technical" arguments that do not "recognize the reality of the situation [at hand]." *See Bergemann*, 820 F.2d at 1121.

Defendants do not dispute that they failed to timely respond to the requests for admission.[19] Instead, Defendants filed a motion to withdraw the admissions.[20] They argue that allowing withdrawal of the deemed-admissions would promote presentation on the merits, and that withdrawing the admissions will not prejudice Glyde in maintaining the action on the merits.[21]

> 1. *Withdrawing the Admissions will Promote Presentation on the Merits.*

Glyde's purported undisputed facts, which serve as the only basis for its MSJ, are premised solely on the facts deemed admitted by Defendants' not timely responding to Glyde's requests for admission.[22]

Defendants argue that upholding the deemed-admissions would practically eliminate presentation on the merits of the case because it would concede core elements of the relevant causes of action.[23] Glyde does not dispute this

---

[19] ECF No. 28, at 2, ¶ 4.

[20] ECF No. 28.

[21] *Id.* at 2.

[22] ECF No. 20, at 3-4 ¶¶ 1-9.

[23] ECF No. 28, at 3.

characterization but argues that Defendants have not offered any evidence that challenges the admissions or creates a genuine issue of material fact.[24]

Glyde incorrectly asserts that Defendants may only prevail in defeating the MSJ if they address and prevail on the substance of the deemed-admissions under the summary judgment standard. However, if Defendants are permitted to withdraw the deemed-admissions under Rule 36, there is no need to address their substance, and the Court is persuaded that allowing withdrawal of the deemed-admissions would "promote the presentation of the merits of the action . . . ." Fed. R. Civ. P. 36(b). Glyde's request that the Court treat Defendants' inadvertent non-response to the requests as admissions, and then resolve the core elements[25] of the primary claims in the case on those admissions, runs contrary to this Court's general inclination to resolve cases on the merits, which is an approach consistent with Tenth Circuit precedent. *See Wilver v. Fisher*, 387 F.2d 66, 69 (10th Cir. 1967) ("The law favors the disposition of litigation on its merits."); *Raiser*, 409 F.3d at 1246 (reversing a district court, allowing a party to withdraw its admissions, in part, to promote presentation of the case on the merits).

---

[24] ECF No. 35, at 8. Defendants have now provided responses, in the form of denials, to the requests for admission. ECF No. 25-1.

[25] "The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014) (internal citation omitted). Glyde alleged that each of these elements were established via admissions. ECF No. 20, at 2-4 (facts 1-3 setting forth the contract agreement between the parties, facts 4-6 showing breach by Defendants, fact 7 showing performance by Glyde, and facts 8-9 establishing damages.); *see also* ECF No. 20-2, at 11-13 (language of the requests for admission).

*2. Withdrawing the Admissions will not Prejudice Glyde.*

Defendants argue that granting a withdrawal of the deemed-admissions does not prejudice Glyde, aside from forcing it to litigate on the merits.[26] Glyde argues several potential prejudices: lack of access to evidence, delay in the discovery process, the underlying purpose of Rule 36, and significant attorney fees in preparing and filing a motion for summary judgment.[27] None of Glyde's contentions are persuasive.

When a party seeks to withdraw admissions, the Court must ensure that withdrawal does not "prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Bergemann*, 820 F.2d at 1246. The prejudice "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Raiser*, 409 F.3d at 1246 (quoting *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995) (internal citations omitted)). Rule 36 is designed to "reduce trial time," but not to resolve a case on mere technicality. Fed. R. Civ. P. 36; *Bergemann*, 820 F.2d at 1121 (avoiding highly technical arguments over admissions).

Here, Defendants, asserting oversight, failed to respond to an admission, and Glyde immediately seized the opportunity to file a summary judgment motion. The

---

[26] ECF No. 28, at 3-4.

[27] ECF No. 35, at 8-9.

only resulting "prejudice" that ensues if the Court allows withdrawal of the deemed-admissions is that Glyde must obtain discovery materials consistent with federal rules and litigate the case on its merits. Glyde has not asserted "the unavailability of key witnesses, because of the sudden need to obtain evidence," *Raiser*, 409 F.3d at 1246, or anything akin to that. From the information provided, the Court can discern no inordinate delay in the discovery process nor lack of access to evidence as a result of withdrawing Defendants' deemed-admissions, outside that which is normal to all litigation. There appears no special discovery burden foisted upon Glyde in these matters as a result of allowing the withdrawal of the admissions.

Glyde argues that, at the filing of its MSJ, Defendants had allegedly not provided initial disclosures, nor answers to any interrogatories, nor produced any documents.[28] Glyde also asserts that Defendants' conduct during discovery has been dilatory and evasive and that it should be awarded fees incurred for filing the MSJ in reliance on the deemed-admissions.[29]

To the extent they are necessary and appropriate, Glyde has remedies for obtaining the discovery to which it is entitled. If Glyde believes more time is necessary for discovery, it may move the court for a new scheduling order. If Glyde cannot obtain the evidence it is entitled to receive, it may file a motion to compel discovery. If it believes Defendants' conduct during discovery warrants sanctions, or that it is

---

[28] ECF No. 35, at 8-9.

[29] ECF No. 35, at 9 n.1, 10-14.

entitled to attorney's fees, it may file motions that address those issues. None of these motions are presently before the Court.

Finally, allowing the withdrawal of the deemed-admissions, upon which Glyde relied in preparing its MSJ, does not constitute prejudice in the context of Rule 36 *See, e.g., Questar Exploration & Prod. Co. v. Lambeth*, 2009 U.S. Dist. LEXIS 117673, at \*6-\*7 (D. Utah, Dec. 17, 2009) (finding no prejudice for the time, money, and effort associated with preparing a summary judgment motion where admissions were withdrawn).

### IV.   CONCLUSION

The Court will thus GRANT the Motion to Withdraw Admissions. Because all the purported "undisputed" facts for the MSJ were facts deemed admitted, which are ordered withdrawn, the MSJ is therefore DENIED, and the Motion to Amend is rendered MOOT.

A word of caution to the parties moving forward: "[O]ur legal system strongly prefers to decide cases on their merits whenever possible," but litigants cannot rely on the Court to shield them from complying with discovery obligations. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011). "[N]o litigant should ignore deadlines established by the applicable rules," for when this happens, "sanctions may well be appropriate." *Raiser*, 409 F.3d at 1247.

### V.   ORDER

For the foregoing reasons, the Court will GRANT the Motion to Withdraw Admissions, DENY the MSJ, and DENY the Motion to Amend.

DATED this 11th day of February, 2025.

BY THE COURT:

_____

Ann Marie McIff Allen
United States District Judge